IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA STITT, *pro se*

    Appellant

v.

U.S. DEPARTMENT OF EDUCATION

    Appellee

Civil No. PJM 14-938

## MEMORANDUM OPINION

Appellant Monica Stitt has filed a *Pro Se* Motion and Memorandum in Support of Motion to Compel Transmission of the Records (Paper No. 5), and a *Pro Se* Motion to Extend Time to File Brief with Memorandum (Paper No. 6). Appellee U.S. Department of Education takes no position on either Motion. For the reasons that follow, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Stitt's Motion to Compel, and **GRANT** her Motion to Extend Time.

### I.

Stitt appeals from a decision from the United States Bankruptcy Court for this District. In that proceeding, in which she sought discharge of her student loans aggregating $37,431.38, and $75,000 in damages against the Department of Education, Bankruptcy Judge Paul Mannes found that her debts owing to the Department of Education were excepted from discharge under 11 U.S.C. § 523(a)(8), and entered judgment in favor of the Department of Education.

In filing that proceeding, Stitt was granted in forma pauperis status.

The present issue is whether she is entitled to that status on appeal and if so, what that status would entitle her to.

II.

A.

Stitt has not paid the appellate filing fee to the Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 1930(c), nor has she paid the appeal docketing fee, *see* Item No. 14, Bankruptcy Court Miscellaneous Fee Schedule. Nor has she filed a new Motion to Proceed in Forma Pauperis. The Court, however, reviewed Stitt's previously filed Motion, as well as the Bankruptcy Court's Opinion reviewing Stitt's assets, and finds that Stitt at least appears to be indigent (this is a tentative ruling only) and as such the aforementioned fees for this appeal will be waived.

B.

Stitt requests an Order compelling the Bankruptcy Court: (1) to transmit the record set forth in her March 26, 2014 designation and (2) to produce and deliver to her audio CD(s) of the September 26, 2013 hearing, and of the trial held on February 6, 2014 and February 11, 2014. She further asks the Court to stay the briefing schedule until the CD(s) are completed.

In her notice of appeal, Stitt has requested "audio transcripts only." In her Designation of Record, she has designated "All trial audio transcripts: February 6, 2014 and February 11, 2013" and "All hearing date audio transcript: September 26, 2013". The Court understands Stitt's request to be for audio recordings, which are ordinarily available from the Office of the Clerk at a cost of $30.00 per CD when a a Compact Disk (CD) Request Form is submitted. That form is available on the U.S. Bankruptcy Court's website.

The Court notes that a transcript of the September 26, 2013 hearing was created and is available at Dkt. 4 in this captioned proceeding, and at Dkt. 83 in Adversary No. 13-0178. At the time the transcript was created, notice was mailed to Stitt advising her that the transcript was

available to her at public terminals in the Clerk's Office for viewing and printing. There are no transcripts available of the February trial.

In light of Stitt's in forma pauperis status, the Court will order the Clerk's Office of the Bankruptcy Court to deliver to Stitt, at no cost, a CD or CDs of the February 6, 2014 and February 11, 2014 trial before Judge Mannes. The Clerk of Court shall mail such CD(s) to Stitt's address of record. Since a transcript has already been created of the September 26, 2013 hearing, the Clerk shall also mail her a copy of the transcript in lieu of providing an audio recording at the Court's expense. The Court will not order that transcripts of any other proceedings be prepared or provided.

The remainder of Stitt's requested relief is denied. In her Motion she makes several far-fetched allegations against the Bankruptcy Clerk's Office. The Court rejects Stitt's contentions that that Office has transmitted a "false copy" of the docket. The Bankruptcy Clerk's Office properly transmitted a copy of the record to the Clerk of the District Court pursuant to Rule 8007(b). There is no reason to stay the briefing schedule.

C

Stitt has separately requested an extension of time to file a brief in support of her appeal until May 19, 2014 pursuant to Bank. R. 9006(b)(1). The Department of Education has indicated it takes no position on the Motion. Stitt argues that she has been ill and has been seeking assistance with her appeal. The Court will **GRANT** Stitt's Motion. Stitt may have until June 16, 2014 to review the audio recordings of the February proceedings and file her brief.

III.

For the foregoing reasons, the appellate filing fee and appeal docketing fee are **WAIVED**, Appellant's Motion to Compel Transmission of the Records (Paper No. 5) is

**GRANTED-IN-PART** and **DENIED-IN-PART**, and Stitt's Motion to Extend Time to File Brief with Memorandum (Paper No. 6) is **GRANTED**.

A separate Order will **ISSUE**.

                                                                    /s/
                                           **PETER J. MESSITTE**
                                      **UNITED STATES DISTRICT JUDGE**

**May 16, 2014**